UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL BRIDDY, JR., | ) | |
| MASHATO LAMAR, | ) | No. 3:07-CR-51 |
| JOHNNIE MARTIN, | ) | (Phillips / Shirley) |
| TAVARES SMITH, | ) | |
| AARON BROOKS, | ) | |
| LASHONDA HALL, | ) | |
| CASSIE MCKENZIE, | ) | |
| TONY DARNELL MANNING, | ) | |
| DEANTAY MONTGOMERY, | ) | |
| MATTHEW ORR, | ) | |
| VERNON JACKSON, and | ) | |
| VINCENT STANLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court for a status conference and motion hearing on June 19, 2007. On that date, the Court heard argument on the following motions:

> (1) The government's Motion for Brief Extension of Time Within Which to Provide Discovery and to Designate Lead Counsel to Whom Discovery is Provided [Doc. 56];
>
> (2) Defendant Stanley's Motion to Continue Trial Date and Discovery Deadlines, and to Declare Case as Complex [Doc. 74];

(3) Defendant Stanley's Motion for Extension of Time to File Motions [Doc. 62];

(4) Defendant McKenzie's Motion to Adopt Co-Defendants' Motions for Enlargement of Time to File Motions [Doc. 68];

(5) Defendant Montgomery's Motion to Extend Motion Filing Deadline [Doc. 75]; and

(6) Defendant Orr's Motion for Enlargement of Time to File Motions [Doc. 63].

At the hearing, on behalf of Michael Briddy, Attorney William Morrison appeared telephonically, having obtained the consent of the Court to do so in advance of the hearing date. Defendant Briddy was not present. Defendant Mashato Lamar was present in Court on June 19, 2007, with his attorney, Kim Parton. Defendant Johnnie Martin was present with Attorney Dennis Francis. Attorney Jonathan Cooper appeared on behalf of Tavares Smith, who was not present. Defendant Aaron Brooks was present with his attorney, Rowland Cowden. Attorney Michael Whalen was present with Defendant LaShonda Hall. Cassie McKenzie was present with Attorney Jonathan Wood. Defendant Tony Manning was present with his lawyer, Russ Greene. Attorney Michael McGovern was present with Defendant Deantay Montgomery. Defendant Matthew Orr was present with Attorney Alexander Brown. Attorney Charles T. Webber was present on behalf of Defendant Vernon Jackson, who was not present. Attorney Gerald Gulley was present on behalf of Vincent Stanley, who was not present. Assistant United States Attorney David Jennings and Assistant United States Attorney Tracee Plowell were present on behalf of the government.

The Court first took up the government's Motion for Brief Extension of Time Within Which to Provide Discovery and to Designate Lead Counsel to Whom Discovery is Provided [Doc. 56]. AUSA Jennings informed the Court that discovery was nearly complete and referred to the

2

government's notice of supplemental discovery filed as short time before the court appearance. The discovery material that had not been provided to the defendants consisted, in part, of toxicology reports from forensic laboratories. AUSA Jennings said that he had provided some of these reports immediately before the hearing to all defense counsel, and described his efforts to obtain the last of these. Beyond these reports, AUSA Jennings described discovery in this case as extensive and ongoing. AUSA Jennings told the Court that the investigation of this case and related matters was ongoing and that newly developing discovery material would be provided in a timely manner.

Attorney Dennis Francis agreed to be designated by the Court as lead counsel for purposes of discovery distribution among the defendants, having already assumed that role as a practical matter. Attorney Francis informed the Court that discovery material was duplicated and made available to all counsel at the Downtown Copy Center. The other lawyers present in the courtroom agreed that this was a reasonable manner for Attorney Francis to disseminate discovery. AUSA Jennings confirmed that he retains responsibility for discovery material provided to Attorney Morrison, of the Georgia bar. No attorney expressed an objection to this arrangement.

The Court next took up two motions filed by Attorney Gulley on behalf of Defendant Stanley: Motion for Extension of Time to File Motions [Doc. 62]; and Motion to Continue Trial Date and Discovery Deadlines, and to Declare Case as Complex [Doc. 74]. Defendant Vernon Jackson joined in both these motions. Attorney Gulley described the quantity of discovery that he had received to date and confirmed that he had not yet been provided some forensic laboratory reports. Attorney Gully asserted that the investigation and preparation for Defendant Stanley's defense in light of this volume of discovery was further compounded by the fact of 12 defendants in the case. Attorney Gulley said that within the past few days he had discussed the need for

3

continuance with Defendant Stanley, who is in jail. Attorney Gulley reported that his client agrees with the necessity of a continuance, and realizes that he will remain in custody pending trial. Attorney Gulley confirmed that both he and his client believe it is in Mr. Stanley's best interest to continue the trial. On behalf of Mr. Jackson, Attorney Webber joined both motions. Attorney Webber, likewise, informed the Court that he has discussed this issue with his client, who is in jail. Attorney Webber told the Court that he and Mr. Jackson agree that it is in the latter's best interest to review all discovery materials prior to the trial, and that this would require continuance of the trial date as current scheduled.

The government had no objection to continuance of the trial date. The government agreed with the arguments posited by Mr. Gulley and Mr. Webber. AUSA Jennings added that the government intends to seek a superseding indictment as to these defendants on July 10, 2007. AUSA Jennings informed all present that the government will seek to join the instant case with the three defendants in the case of United States v. Starks, 3:07-CR-53, and to add at least one new defendant. AUSA Jennings asserted that the investigation of facts surrounding this alleged conspiracy is ongoing and that the government may seek expanded charges. AUSA Jennings drew the Court's attention to the fact that Defendant Briddy was only arraigned on June 14, 2007. the government asserted that it was wholly unrealistic to believe the case could be prepared for trial within three weeks, before the July 12, 2007, trial date now set. The government described the discovery material as including lengthy wiretaps consisting of "thousands of calls," three search warrants, and weeks of investigative material.

On behalf of Defendant Martin, Attorney Francis opposed the continuance. Attorney Francis argued that there is nothing unusual or different found in the instant matter as compared to other

4

conspiracy cases. He argued there are no novel issues of law or fact present and urged the Court to consider only the 12 defendants currently charged, not any prospective persons who may be added to the case later.

On behalf of Defendant Hall, Attorney Michael Whalen vigorously opposed a continuance of the trial. Attorney Whalen argued that while there are thousands of telephone calls to review in discovery, if the government would designate which ones it intends to present at trial he would be prepared to go to trial on July 12, 2007. He further argued that the Court should not consider the government's efforts to strengthen or expand the case through further investigation, asserting that the government elected to seek an indictment in the first instance. Attorney Whalen asserted that it is in Ms Hall's best interest to proceed to trial on July 12, 2007.

While AUSA Jennings, Attorney Gulley, Attorney Francis and Attorney Whalen made the principal arguments on the issue of continuance, all parties indicated their respective positions. Defendant Cassie McKenzie agreed with the need for a trial continuance and an extension of the motions deadline. Defendant Aaron Brooks agreed that a continuance of the trial date was necessary and joined the request for an extension of the current motions deadline. Defendant Mashato Lamar agreed that a trial continuance was necessary in order to adequately prepare his defense. Mr. Lamar further agreed that the case should be designated as complex by the Court. Defendant Michael Briddy agreed that the case should be designated as complex for purposes of the Speedy Trial Act and that it is necessary to continue the current trial date.

Defendant Tony Manning oppose a continuance of the trial date and asserted his right to a speedy trial. Defendant Deantay Montgomery opposed a continuance of the trial date and asserted his right to a speedy trial. He expressly joined Defendant Martin in opposition to designation of the

5

case as complex or unusual. Defendant Matthew Orr opposed a continuance of the trial date and asserted his right to a speedy trial.

Attorney Jonathan Cooper took no position on behalf of Defendant Tavares Smith. Attorney Cooper informed the Court that he has discussed this matter with Mr. Smith and advised the defendant that he will remain in custody pending trial.

The Court considered the arguments of counsel in light of the factors set forth in the Speedy Trial Act 18 U.S.C. § 3161. First, the Court finds this case falls within the description set forth at § 3161(h)(8)(B)(ii): it is so complex due to the number of defendants and the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. The Court observes that out of 12 defendants in this case only Defendant Martin has filed substantive pretrial motions (two) by the motions deadline of June 12, 2007. Defendant Briddy had not yet even been arraigned by the motions deadline. Mr. Orr, Ms McKenzie, Mr. Montgomery, Mr. Stanley and Mr. Jackson have asked for additional time to submit pretrial motions. No defendant contests the description of the discovery material as extensive and lengthy. No defendant has indicated that he or she had actually completed review of the discovery material, a threshold to preparation of an adequate defense, in the opinion of the Court. See Strickland v. Washington, 466 U.S. 668 (1984). the Court finds that failure to grant a continuance in light of the discovery alone would constitute a miscarriage of justice. The Court finds the defendants require time to review the discovery, to conduct investigation of any factual and legal defenses, to assess the necessity of pretrial motions, and to prepare for hearings of those motions before the Court. The Court finds that new criminal charges and additional defendants are likely to be added to this case before the currently scheduled trial date.

6

The Court finds it would be unreasonable to expect the parties to prepare adequately for pretrial matters or for trial within the time limits established by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(B)(ii). The Court declares this case to be unusual and complex for purposes of the Speedy Trial Act due to the nature of the prosecution and the voluminous discovery involved.

Second, the Court finds that, although not unanimous, the request for a continuance of the July 12, 2007, trial date is well-taken and that the ends of justice served by granting the motion outweigh the best interest of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court finds that the parties have not had enough time to review the discovery and prepare any appropriate pretrial motions and that this fact alone necessitates a continuance. There were four search warrants issued in this case. The defendants need time to review the materials related to those warrants and evaluate whether a challenge is merited. The Court finds that failure to grant a continuance would deprive some defendants of the ability to pursue almost any issues which may be identified with proper preparation. If further pretrial motions are, in fact, filed, the parties will need time to prepare for a hearing, time for the hearing to be conducted and the Court will then need time to adequately review the motions and to issue an Order or a Report and Recommendation to the District Court. After such ruling, either party will have 10 days to register an objection with the District Court. Should such an objection be made, the District Court will require a meaningful period of time to review the record and the issues presented. The Court further observes that all this could not be accomplished before the trial date of July 12, 2007. The Court finds this to be true, even absent any superseding indictment.

As to those defendants who object to a trial continuance, the Court additionally finds that a reasonable period of delay as to those defendants who are joined for trial with co-defendants for

7

whom a continuance is necessary is fully excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7). The Court observes that no motion for severance was made by any party.

The Court finds that the time between the date of the hearing, June 16, 2007, and the new date of the trial is properly excludable from the operation of the Speedy Trial Act and that the need for resolution of the suppression issues outweighs the interests of the defendants and the public in a speedy trial.

The Court agrees with the moving defendants and the government that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). Given the approaching July 12, 2007, trial date, the Court finds that the failure to grant a continuance would deprive the defendants of the time to review discovery material and to pursue any pretrial motions before this Court. See 18 U.S.C. § 3161(h)(1)(F) and (J). Following any ruling thereon, the parties need time to file any objections and the District Court will need time to rule upon any conclusions of this Court and objections. Finally, the parties will need time to prepare for trial in light of the ruling on pretrial issues. The Court finds that all of this could not take place before the July 12, 2007, trial date or in less than 10 weeks. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, the motion to continue the trial date and to designate this case as complex is granted. Having made this determination in the presence of the defendants, a new trial date was suggested. Because of the number of attorneys, the Court continued the hearing for the limited purpose of selecting court appearance dates to the following Tuesday, June, 26, 2007, and designated that the defendants need not be present in court for that limited purpose.

8

On June 22, 2007, Attorney Michael McGovern, counsel for Deantay Montgomery, requested for leave to designate Attorney Dennis Francis to appear on his behalf on June 26, 2007, for the purpose of selecting dates. **[Doc. 84]** which is **GRANTED**, the Court having announced the same at the scheduling hearing. Attorney McGovern also lodged an objection to the trial date as initially proposed on June 19, 2007, filing a Motion to Set New Trial Date [Doc. 83]. Attorney McGovern set forth scheduling reasons that were similar to those considered by the Court on behalf of the other attorneys at the June 19, 2007, hearing. Because the Court ultimately set a trial date agreeable to all parties in this case, Motion to Set New Trial Date **[Doc. 83]** is **DENIED** as moot.

At the hearing on June 26, 2007, Attorney Whalen renewed his request that the government designate what portions of the wiretap recordings are relevant to his client, Ms Hall. Attorney Whalen described that in discovery he received multiple computer discs with thousands of files representing thousands of telephone conversations. Attorney Whalen said that many of these files are empty and that many others consist of telephone conversations wholly unrelated to the indictment, to include many discussions of domestic errands, dry cleaning, cable television, and so forth. Attorney Whalen added that this case does not include any alleged code words used to represent relevant conduct. AUSA Jennings responded that he would make reasonable efforts to accommodate Attorney Whalen's request outside the presence of the Court.

The Court encouraged the parties to make efforts to resolve this issue informally, but did not issue a ruling. The Court observed that the defendants may revisit this or other discovery disputes by filing a pretrial motion, but admonished all counsel to exhaust every effort to resolve discovery disputes without litigation before the Court. All parties are directed that any pretrial motion to compel discovery must describe the informal efforts made to resolve the matter at issue and describe

9

the relief sought with specificity or risk summary denial by the Court.

The Court stated for the benefit of all parties that any motions to adopt any other party's filings should comport with the following standards: the motion to adopt must state specifically which motion is to be adopted, that counsel has read the subject motion and that it applies to the adopting defendant. Motions to adopt that do not meet these standards of specificity or which do not give a basis for the adoption will be denied. Motions which seek to generally adopt all the motions filed by another defendant will be denied. While this reflects the better practice generally, it is of increased importance in a case with 12 defendants.

It is ORDERED:

(1) Defendant Stanley's Motion to Continue Trial Date and Discovery Deadlines, and to Declare Case as Complex **[Doc. 74]** is **GRANTED**;

(2) The government's Motion for Brief Extension of Time Within Which to Provide Discovery and to Designate Lead Counsel to Whom Discovery is Provided **[Doc. 56]** is **GRANTED**;

(3) Defendant Stanley's Motion for Extension of Time to File Motions **[Doc. 62]** is **GRANTED**;

(4) Defendant McKenzie's Motion to Adopt Co-Defendants' Motions for Enlargement of Time to File Motions **[Doc. 68]** is **GRANTED**;

(5) Defendant Montgomery's Motion to Extend Motion Filing Deadline **[Doc. 75]** is **GRANTED**;

(6) Defendant Orr's Motion for Enlargement of Time to File Motions **[Doc. 63]** is **GRANTED**;

(7) Attorney McGovern's Motion to Appear at Scheduling Hearing Via Stand-In Counsel and Telephone Standby **[Doc. 84]** is **GRANTED**;

(8) Motion to Set New Trial Date **[Doc. 83]** is **DENIED** as moot;

(9) The deadline for pretrial motions is **August 1, 2007**;

(10) Responses to motions are due **August 17, 2007**;

(11) Pretrial motions will be heard before this Court on **September 25, 2007, beginning at 9:30 a.m.**;

(12) A pretrial conference is set for **October 15, 2007, at 9:30 a.m.**, before this Court; and

(13) The trial is reset to commence at **9:00 a.m., on November 6, 2007,** before the Honorable Thomas W. Phillips, United States District Judge.

The Court finds that all the time between the June 16, 2007, hearing and the new trial date of November 6, 2007, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (h)(1)(J), (h)(7) and (h)(8)(A)-(B).

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge